**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GARY HENRY,

      Plaintiff,

v.

CONTAINER LEASING
INTERNATIONAL LLC, et al.,

      Defendants.

Case No. 2:25-cv-00462-MMD-NJK

**Order**

[Docket Nos. 61, 62]

Pending before the Court is the parties' joint motion to extend time and stipulation for extension of time. Docket Nos. 61, 62.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

1

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The instant requests are duplicative of one another in that the parties seek an approximately five-month extension of case management deadlines. Docket Nos. 61, 62. The joint motion at Docket No. 61 fails to provide a statement specifying the discovery completed, a specific description of the discovery that remains to be completed, and a proposed schedule for completing all remaining discovery.[2] *See* Local Rule 26-3. The stipulation at Docket No. 62 also fails to provide a sufficiently specific statement of the discovery completed because it does not include the dates on which discovery was completed; therefore, the Court cannot assess the parties' diligence. *See* Local Rule 26-3(a); *see also* Docket No. 62 at 1. Further, the stipulation at Docket No. 62 fails to provide a proposed schedule for completing remaining discovery because it merely provides the proposed extension dates rather than a schedule for completing remaining discovery. *See* Local Rule 26-3(d); *see also* Docket No. 62 at 3.

Nonetheless, in the interest of resolving this case on its merits, the Court **GRANTS** the parties' stipulation at Docket No. 62 and **RESETS** case management deadlines as follows:

- Initial experts:  October 9, 2026
- Rebuttal experts:  November 10, 2026
- Discovery cutoff:  December 11, 2026
- Dispositive motions:  January 12, 2027

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[2] In the joint motion, the parties refer to the undersigned by "Magistrate" rather than "Magistrate Judge." *See* Docket No. 61 at 6. In the Judicial Improvement Act of 1990, Congress changed the formal title of United States Magistrate to United States Magistrate Judge, effective December 1, 1990. *See Dixon v. Ylst*, 990 F.2d 478, 480 n. 1 (9th Cir. 1993). Thus, a magistrate judge may be appropriately called judge or magistrate judge, but not magistrate. When parties choose to use titles in filings before this Court, the Court expects them to use correct titles.

- Pretrial order:  February 11, 2027, or 30 days after resolution of dispositive motions

The Court **DENIES** the joint motion at Docket No. 61 as moot.  Given the lengthy extension granted herein, the Court is not inclined to grant further extensions.  The parties are expected to act diligently in completing discovery.

IT IS SO ORDERED.

Dated: May 15, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3