ALISON M. BRASIER, ESQ
Nevada Bar #10522
**HICKS & BRASIER, PLLC**
2630 S. Jones Boulevard
Las Vegas, Nevada 89146
(702) 628-9888
abrasier@lvattorneys.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY HENRY,<br><br>Plaintiff,<br><br>vs.<br><br>SEACUBE LEASING INTERNATIONAL, INC.; CHINA INTERNATIONAL MARINE CONTAINERS (GROUP) CO., LTD; EVERGREEN INTERNATIONAL S.A.; and DOES I – X, and ROE CORPORATIONS XI – XX, inclusive,<br><br>Defendants. | **CASE NO**: 2:25-cv-00462-MMD-NJK |

**ORDER GRANTING STIPULATION TO SET ASIDE DEFAULT AND ALLOW PLAINTIFF TO AMEND THE COMPLAINT**

Plaintiff, Gary Henry by and through his attorney of record, Alison Brasier, Esq. and Defendant SeaCube Leasing International, Inc. by and through its attorney of record, David T. Blake, Esq., hereby submits this Stipulation and Order to Set Aside the Default against Evergreen International S.A. and to Allow Plaintiff to Amend the Complaint for the Court's consideration.

1. Plaintiff field his Complaint naming Evergreen International S.A. as a Defendant.
2. A Request for Default against Defendant Evergreen International S.A. was filed on September 1, 2026.
3. The Entry of Default against Defendant Evergreen International S.A. was entered on September 16, 2026.

4. Thereafter, Counsel for Evergreen International S.A. contacted Plaintiff's Counsel advising them that the correct entity name is Evergreen Marine (Asia) Pte. Ltd.
5. Based on that representation, the parties therefore agree that the Default against Evergreen International S.A. be set aside and Plaintiff be granted leave to amend his Complaint to name Evergreen International Marine (Asia) Pte. Ltd.
6. A draft of the proposed Complaint is attached as Exhibit A.

**IT IS SO STIPULATED.**

**DATED** this 19th day of November 2026.

HICKS & BRASIER, PLLC

By: */s/. Alison Brasier*
ALISON M. BRASIER ESQ.
Nevada Bar #10522
2630 S. Jones Boulevard
Las Vegas, Nevada 89146

WILLIAM W. McGAHA, ESQ.
Nevada Bar #3234
Schuetze, McGaha, Turner & Ferris
601 S. Rancho Drive, Suite C20
Las Vegas, Nevada 89106
Attorneys for Plaintiff

**DATED** this 19th day of November 2026.

WOLFE & WYMAN, LLPCLYDE & CO.

By */s/ David Blake*
DAVID T. BLAKE, ESQ.
6757 Spencer Street
Las Vegas, Nevada 89119
Attorney for Defendant
SeaCube Leasing International, Inc.

## ORDER

IT IS SO ORDERED this 20th day of November 2026

UNITED STATES DISTRICT JUDGE

Case 2:25-cv-00462-MMD-NJK Document 84 Filed 11/20/26 Page 3 of 14

# EXHIBIT "A"

ALISON M. BRASIER, ESQ.
Nevada Bar No. 10522
**HICKS & BRASIER, PLLC**
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
Phone: (702) 628-9888
Fax: (702) 960-4118
E-Mail: abrasier@lvattorneys.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GARY HENRY,<br><br>Plaintiff,<br>vs.<br><br>CONTAINER LEASING INTERNATIONAL LLC d/b/a SEACUBE CONTAINERS; EVERGREEN MARINE (ASIA) PTE. LTD.; and DOES 1-X, and ROE CORPORATIONS XI-XX, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00462-MMD-NJK<br><br>**<u>THIRD AMENDED COMPLAINT</u>** |

COMES NOW Plaintiff, GARY HENRY, by and through is attorney, ALISON BRAISER, ESQ., complains of Defendants, and each of them, and alleges as follows:

**<u>GENERAL ALLEGATIONS</u>**

1. At all times relevant to these proceedings, Plaintiff GARY HENRY was and is a resident of the State of Nevada.

2. That Defendant SEACUBE LEASING INTERNATIONAL, INC., (hereinafter SeaCube) is, upon information and belief, a corporation formed under the laws of Delaware and registered to do business, with its principal place of business, in New Jersey. Defendant SeaCube operates nationwide and acquires, owns,

manages and leases containers which are intermodal equipment used in the containerized cargo trade. Plaintiff alleges that the container, trailer, at issue in this case was acquired, owned, managed, and/or leased by SeaCube. That upon information and belief, the container, trailer, is designated DRYU 9495691 and is therefore referred to as such throughout this Complaint.

3. That Defendant EVERGREEN MARINE (ASIA) PTE. LTD. (hereinafter Evergreen) is, upon information and belief, a corporation formed under the laws of a foreign country, probably **Singapore** doing to do business in the United States including the State of Nevada, with offices at 200 Cantonment Road #12-01 Southpoint Singapore 089763. Defendant Evergreen operates nationwide in the United States and acquires, owns, manages and leases containers which are intermodal equipment used in the containerized cargo trade. Plaintiff alleges that the container, trailer, at issue in this case was acquired, owned, managed, and or leased by Evergreen. That upon information and belief, the container, trailer, is designated DRYU 9495691 and is therefore referred to as such throughout this Complaint.

4. DOE I is the employee driver for DOE VIII trucking company. DOE VIII was the operator and/or owner of the tractor and trailer which was involved in the accident described herein in this case liable for the negligent conduct of DOE I based upon respondeat superior. That Defendant DOE I failed to secure, and failed to warn, Plaintiff of the defective container, trailer, doors. The trailer doors were defective and dangerous because it did not have an effective locking system and, foreseeably, were propelled by the wind and hit and severely injured the

Plaintiff. Plaintiff will seek leave to amend to add the correctly identified name of Defendant DOE I and DOE VIII.

5. DOE VIII is a defendant in this action, a trucking company, which was an operator and/or owner of the tractor and trailer which were involved in the accident described in this case. That Defendant DOE VIII failed to secure, and failed to warn, Plaintiff of the defective container, trailer, doors. The trailer doors on container DRYU 9495691 were defective and dangerous because the doors did not have an effective locking system and, foreseeably, were propelled by strong wind at the relevant work site. As a result, Plaintiff was hit by the doors and severely injured. Plaintiff has not been able to identify the correct designation for DOE VIII and will seek leave to amend to add the correctly designated name of Defendant DOE VIII.

***DIVERSITY OF CITIZENSHIP***

6. This action is one over which the United State District Courts have original jurisdiction by reason of diversity of citizenship of the parties and amount in controversy.

7. That Plaintiff is a resident of the State of Nevada and Defendants residents of the State of Arizona and New Jersey, and Singapore. That based upon this diversity of citizenship the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. 1332.

***AMOUNT IN CONTROVERSY***

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. The claim against Defendants is for the injury to Plaintiff GARY HENRY. The claim

is based upon the State of Nevada liability for personal injury statute, NRS 41.130. That based upon the nature of the claim, the value exceeds $75,000 exclusive of interests and costs and therefore jurisdiction is proper with this Court under 28 U.S.C. 1332. Plaintiff alleges he was injured and is unable to pursue his vocation due to said injuries.

9. That to the extent the names and capacities of Defendants as identified and named herein vary, are in anyway different or incorrectly spelled or varied, Plaintiff will ask for leave of court to amend the designations to insert the accurate names of the defendants when the true name(s) has been ascertained by discovery.

10. That the true names and capacities, whether individual, corporate, associate, co-partnership, associate or otherwise of Defendant DOES I-X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated DOE is responsible in some manner for the accident with the cargo door referred to in this action and proximately caused the damages to Plaintiff as herein alleged. The legal responsibility of said DOES I-X, arises out of, but is not limited to, their status as owners and/or operators of the container/trailer DRYU 9495691 subject of this action and the maintenance and/or entrustment of the container/trailer/vehicle which was hauling solar equipment to be unloaded at the time of the accident referred to in this Complaint, and/or their agency, master/servant or joint venturer relationship with said Defendants. DOES I and II are the trucking company(ies) which picked up, transported and delivered the

container/trailer DRYU 9495691 full of solar equipment to be unloaded. DOES III and IV are the partners, joint venturers and or agents of DOES, who are jointly and severally liable to Plaintiff. DOE V is/was an owner/lessor of the container/trailer DRYU 9495691 which failed to adequately and appropriately provide, maintain, repair, safe and appropriate restraints for the cargo doors, such as chains locking devices. DOE VI is the actual legal proper name of the Defendant who owned/leased the container/trailer DRYU 9495691. Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained, to join such Defendants in this action and to assert the appropriate allegations. The identities of Defendant, ROES XI and XX, are unknown at this time and may be partnerships, companies, corporations, or other entity. Plaintiff alleges that each Defendant designated herein as DOE and/or ROE are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

11. Plaintiff GARY HENRY alleges he was injured by Defendants' negligence because of an incident that occurred on April 3, 2023, and suffered personal injuries and seeks recovery against Defendants for his compensable losses.

12. That on or about April 3, 2023, Plaintiff was in the course and scope of his employment with Baker Electric. Plaintiff was working at a site north of Las Vegas, Clark County, Nevada at which a solar farm was being installed for Nevada Energy. Plaintiff was struck from behind by a heavy metal door from

container DRYU 9495691 which had been improperly secured, knocking Plaintiff to the ground causing him to lose consciousness and suffer severe personal injuries.

13. A double stack of pallets had just been offloaded from DRYU 9495691 and Plaintiff was spotting for a forklift. Plaintiff was working in what was otherwise a designated a safe zone. The cargo doors on the back of container DRYU 9495691 were not, and unable to be, properly secured/tied open to the side of the container. Wind caused the container cargo doors to overcome the safety system, if any, provided for on the container and be propelled through the safety zone and striking Plaintive and causing him injuries.

14. Adequate tie back chains, and/or similar tiedown or locking systems, were not provided for and on container DRYU 9495691. The lack of adequate chains, or similar tiedown or locking systems, made the container unsafe/unfit for its intended purposes. Container DRYU 9495691 was unreasonably dangerous and unfit for its intended purpose because it failed to have adequate warnings relative to the lack of adequate tie downs and or locking systems which made it a danger to all foreseeable users. DRYU 9495691 was not designed, manufactured and/or maintained safely and properly and that lack of maintenance caused it to be in disrepair, making it unsafe for its intended purposes. The Plaintiff's injuries were a foreseeable consequence of, as described herein, the defective nature of container DRYU 9495691.

15. Container DRYU 9495691 lacked adequate safety mechanisms to secure and lock container cargo doors while unloading took place, especially in the wind.

That wind is a foreseeable condition during the intended purposes of loading and unloading the container. That container DRYU 9495691 was so inadequately below the standard of care, designed and maintained such that there was no effective locking mechanism at all, no temporary or permanent chains or similar the safety mechanisms and was unfit for its intended purposes, and was unreasonably dangerous. The Defendants, collectively, are liable to Plaintiff for his injuries based upon their negligence in the maintenance and repair of container DRYU 9495691 and are strictly liable, based on strict product liability, to Plaintiff based upon dangerous condition, failure to warn, inadequate maintenance, defective design and manufacture of DRYU 9495691 all of which were foreseeable and made it unsafe, unfit and dangerous for it's intended purposes.

16. DOE VIII was the operator and/or owner of a tractor trailer unit which delivered solar equipment in DRYU 9495691 to the work site. Defendant DOE VIII and DOE I are liable to Plaintiff for his injuries based upon negligence and strict liability as they had a duty to appropriately and adequately inspect container DRYU 9495691 for safety, and appropriate securing mechanisms for cargo doors, and to warn plaintiff that there was a failure of adequate tie downs, adequate safety mechanisms to lock the doors, and he was at risk in the swing radius of the cargo doors. That DOE VIII and DOE I had a duty to inspect container DRYU 9495691 to make sure that it was safe for its intended purposes and to make sure that prior to opening the cargo doors there were adequate safety mechanisms to tie the doors down to the side of the container. That DOE VIII

and DOE I failed to do so in all respects and negligently and carelessly inspected, operated and controlled DRYU 9495691 resulting in Plaintiff being hit by the unsecured cargo door causing severe personal injuries to Plaintiff.

17. Defendant, DOE VIII is a trucking/common carrier transportation company, which operates in the United States. DOE VIII was the operator and/or owner of container/trailer unit DRYU 9495691 and introduced DRYU 9495691 into the stream of commerce. Defendant DOE VIII is liable to Plaintiff for his injuries based upon negligence and strict liability as it had a duty to appropriately adequately inspect container DRYU 9495691 for safety, and appropriate securing mechanisms for cargo doors, and to warn Plaintiff that there was a failure of adequate tie downs, adequate safety mechanisms to lock the doors, and he was at risk in the swing radius of the cargo doors. That DOE VIII had a duty to inspect container DRYU 9495691 to make sure that it was safe for its intended purposes and to make sure that prior to opening the cargo doors there was adequate safety mechanisms to tie the doors down to the side of the container. That DOE VIII failed to do so in all respects and negligently and carelessly inspected, operated and controlled DRYU 9495691 resulting in Plaintiff being hit by the unsecured cargo door causing severe personal injuries to Plaintiff. Defendants breached their duty of care to the Plaintiff because of their negligence described more fully herein.

///

///

## *II.*

## *CLAIMS FOR RELIEF AGAINST DEFENDANTS*

18. Plaintiff repeats and realleges each and every fact set forth in the preceding paragraphs 1 through 17, as though set forth in full at this time.

19. Defendants, each of them, breached their duties owed to plaintiff, acted unreasonably, were negligent, all of which led to serious injuries suffered by plaintiff. The container/trailer, DRYU 9495691, was unfit for its intended purposes, did not have adequate warnings, which made the container defective, and which led foreseeably to Plaintiff's injuries. The plaintiff was free of any negligence.

20. As a direct result of the above-mentioned acts/omissions Defendants, Plaintiff suffered losses as described herein including past and future medical expenses and past and future wage loss and loss of earning capacity including shoulder surgery which may be permanent in nature.

21. The damages sustained by Plaintiff are the direct and proximate result of the negligence of Defendants and specifically include past and future pain and suffering of Plaintiff.

22. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred medical expenses and wage, in an amount in excess of $75,000, for which Plaintiff seek recovery.

23. Defendants' negligence, carelessness, and recklessness in the operation and use of the container DRYU 9495691 includes, and is not limited to, violation of the appropriate statutes, laws, and ordinances.

24. Defendants' acts and omissions at the time of the collision herein complained of and immediately prior thereto constitute negligence, carelessness, and recklessness.

25. Defendants' negligence, carelessness, and recklessness was the proximate cause of the Plaintiff's damages as herein alleged.

26. That as a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, and each of them, Plaintiff suffered damages which exceed the statutory pleading requirement of $75,000 in an amount to be proved at the trial on this matter.

27. That upon information and belief, Defendant DOE VIII was the employer of Defendant DOE I at all relevant times, who was performing their duties as an employee and/or owner operator. In the alternative, upon information and belief, DOE VIII and DOE I were joint venturers, an agent and/or servant at the time of the accident, and DOE VIII is therefore liable for the actions of Defendant DOE I under the doctrine of respondeat superior, or in the alternative joint venture, master servant, joint enterprise or general agency and or other relational duty.

WHEREFORE, Plaintiff request relief against all Defendants as follows:

1. For all past and future medical expenses, pain and suffering, wage loss, diminished earning capacity, loss of enjoyment of life damages in excess of $75,000.00;
2. For any other special damages in an amount to be proven at trial;
3. For reasonable and taxable fees and costs;
4. For pre-judgment and post-judgment interests; and

5. For such other and further relief as the Court deems proper.

**DATED** this 19th day of November 2026.

**HICKS & BRASIER, PLLC**

*/s/ Alison Brasier*
ALISON M. BRASIER, ESQ.
Nevada Bar No. 10522
2630 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*